<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 19a0595n.06

Case No. 19-1123

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RANDONA JOHNSON, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Dec 06, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| FORD MOTOR COMPANY, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: ROGERS, STRANCH, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Randona Johnson sued his employer, Ford Motor Company, for disability discrimination. The district court granted summary judgment to Ford in a thorough and well-reasoned opinion. We affirm.

Johnson worked as a process coach at a Ford assembly plant in Flat Rock, Michigan. In January 2015, he took medical leave to deal with back pain, hypertension, and depression. After five months of leave, Johnson was moved to inactive status. That meant that he no longer held a position at the plant.

In July, Johnson reapplied for his old job and requested certain accommodations. But according to Ford, the assembly plant had no openings at the time. Johnson reapplied multiple times the next year. But each time, Ford says, the plant had no openings. In April 2016, a position finally opened at the plant. At that point, Ford rehired Johnson and gave him his requested

accommodations. (Since then Johnson has gone back on medical leave and now considers himself unable to work.)

In 2017, Johnson sued Ford, alleging that the company had failed to accommodate his disabilities in violation of federal and state law. *See* 42 U.S.C. § 12101 *et seq.*; Mich. Comp. Laws § 37.1101 *et seq.* The district court granted summary judgment to the company. We review that decision de novo. *See Groening v. Glen Lake Cmty. Sch.*, 884 F.3d 626, 630 (6th Cir. 2018).

Johnson argues that Ford failed to accommodate his disabilities because it refused to rehire him (at least at first). To prevail on that argument, he must show a factual dispute about whether the assembly plant had an open position at the time. After all, employers don't have to create *new* positions to accommodate those with disabilities. *Henschel v. Clare Cty. Rd. Comm'n*, 737 F.3d 1017, 1025 (6th Cir. 2013). They just have to consider people fairly for open positions.

Ford offers direct evidence that the assembly plant had no openings when Johnson reapplied for his job. In a sworn statement, the company explained that its finance department determines how many employees each facility can hire for a given role. According to Ford, facilities cannot exceed these limits. The company also stated that the assembly plant had no openings from July 2015 (when Johnson first reapplied for his job) to April 2016 (when he was rehired). Multiple supervisors at the plant corroborated this account. Indeed, even Johnson acknowledged that the plant could not exceed these "manpower maximum[s]." R. 38-3, Pg. ID 457. In short, Ford has provided ample evidence that it had no openings.

Just as importantly, Johnson offers no evidence to the contrary. Instead, he points out that the other process coaches were working long hours. But that shows only that the assembly plant was busy, not that it had an opening. That's especially true since (as just explained) the plant couldn't hire additional employees unless the finance department said so. Nor does it matter that

Ford brought in workers from other facilities to meet its temporary staffing needs. Employers have no obligation to turn temporary positions into full-time jobs. *Hoskins v. Oakland Cty. Sheriff's Dep't*, 227 F.3d 719, 730 (6th Cir. 2000). In the end, Johnson has provided no evidence that Ford had an open position. So the district court correctly granted summary judgment on this ground. *See Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 870 (6th Cir. 2007).

Johnson also faults the district court for not considering whether his proposed accommodations would impose an "undue hardship." But that issue would matter only if Johnson established a prima facie case of discrimination. *See Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 603 (6th Cir. 2018). And he has not done so here.

Finally, Johnson says that one supervisor harbored animus against him because of his disability. But that supervisor had no control over whether the assembly plant had an open position. Nor has Johnson shown any connection between the alleged animus and Ford's decision not to hire additional employees during the relevant period. So the animus (if any) has no relevance for Johnson's claim.

We affirm.